1 .MARION F. EDWARDS, Judge.
Appellant, Envirowall Inc., appeals a judgment of the district court in favor of appellees Bankers Trust Company of California, N.A., as Trustee for UCFC (United Companies Lending Corporation) Loan Trust. We affirm.
The present matter arises out of a Petition For Executory Process filed by Bankers Trust against Lois Verdin Breaux and Louis B. Breaux. At sometime during their marriage, Mr. and Mrs. Breaux opted into a separate property regime. On July 31, 1991, Mrs. Breaux purchased a residence in Jefferson Parish. A bearer note in the amount of $145,000.00 was issued by Mrs. Breaux and was secured by a mortgage on the property. In 1992, the note and lien were assigned to Global Truck and Equipment Company. In January, 1994, Global transferred its interest to Mr. Billy Parish, President of Global, individually. Parish sold the note to Mr. Donald Lassere, who, in turn, sold the note to Envirowall Inc. in November, 2001. Envi-rowall is a closely held Louisiana corporation managed by Mr. Breaux, and in which Mrs. Breaux had owned the stock. In July 2001, Mrs. Breaux transferred ownership of the stock to her husband.
On or about July 27, 1995, Mrs. Breaux borrowed $169,500.00 from UCLC and secured that loan with a mortgage on her residence. The closing attorney testified that the Breauxs informed him they were not going to pay off or release ]3the first mortgage, but agreed to subordinate it to the UCLC loan. However, the Breauxs did not have the note with them on that day.
On or about August 3, 1995, Mr. Breaux presented the original note to be paraphed for identification with the act of subordination, which act was executed on that day. Prior to- trial, it was stipulated that Mr. Breaux had the authority to execute the subordination on behalf of Envirowall. When Mrs. Breaux defaulted on the loan, Bankers Trust, as Trustee for UCFC Loan Trust, filed a Petition For Executory Process seeking to foreclose on property. En-virowall filed a Petition for Intervention, alleging that it held a superior mortgage. In the petition, Envirowall urged that the failure to insert “Ne . Varietur” language in the Act of Subordination in favor of UCFC resulted in an ineffective paraph, and thus, its mortgage was ranked first. The auction was postponed pending outcome of the intervention. Following trial on the merits, the court determined that any defect in the notarial paraph did not destroy the efficacy of the subordination. Envirowall appeals.
Envirowall urges that the note in question is paraphed for identification with an Act of Subordination dated August 3, 1995, but the Act of Subordination was actually executed and dated- August 7, 1995. Envi-rowall- additionally avers that the Act of Subordination contained erroneous recor-dation information pertaining to the mortgage sought to be subordinated, and that it contained no “Ne Varietur” language.
Admitted at trial.was a Notarial Act of Correction dated September 4, 2003 in which the closing notary declared that the subordination was actually executed on August 3, 1995, and which further corrected other typographical errors.
| ¿Louisiana courts have given effect to contractual provisions altering or modifying the priority of the rights or *982 claims otherwise established by law.[1] No statute or jurisprudence requires an Act of Subordination to be paraphed or in any particular form. Regarding the form of valid subordinations, the Supreme Court has held that an unambiguous provision in a lease between two parties with equal bargaining power can validly operate to subordinate that contract to an unspecified future mortgage.[2] Valid subordination may also take place in an act of mortgage.[3] A subordination agreement should not fail if it contains an imprecise or even ambiguous description, if the intent of the parties can be ascertained.[4]
The Act of Subordination in the present case, after describing the 1991 note held by Envirowall, states clearly that: “[i]t is the desire of said entity (Envirowall) to subordinate in favor of the Mortgage to United Companies Lending Corporation, the Vendor’s Lien and Mortgage which secures the payment of the obligation to Appearer and for that purpose it does hereby consent and agree that the Vendor’s Lien and Mortgage ..shall in all respects and for all purposes be subordinate to and inferior to the Mortgage in favor of United Companies Lending Corporation dated July 27, 1995, ...” It is signed by Breaux as president of Enviro-wall in the presence of two witnesses, and notarized. Breaux’s authority to sign on behalf of the company is not challenged.
The Notarial Act of Correction clarified the typographical errors in the act, which were ultimately inconsequential, and did not obscure the purpose of the Act of Subordination. At trial, Breaux agreed that he had previously stated it was his intention that UCLC have a first mortgage. Although Breaux testified that he did | Bnot know what an Act of Subordination was, and did not know he had to sign it until after the UCLC mortgage was confected, the attorney who prepared the document testified otherwise. According to the attorney, the Breauxs informed him at the closing that they would not release the Envirowall mortgage, and at that time agreed to the subordination. To the extent that the determination of the trial court was based on a credibility finding, we find no reason to disturb it.
Envirowall cites La. C.C. art. 3325(B) to support its position that the paraph was ineffective. That article states:
A. Except as provided in Paragraph B of this Article, a note or other written obligation which is secured by an act of mortgage, or an act evidencing a privilege or other encumbrance, need not be paraphed for identification with such mortgage, privilege, or other encumbrance, and need not recite that it is secured by such mortgage, privilege, or other encumbrance.
B. A notary before whom is passed an act of mortgage, or an act evidencing a privilege or other encumbrance that secures a note or other written obligation, shall paraph the obligation for identification with his act if the obligation is presented to him for that purpose. The paraph shall state the date of the act and shall be signed by the notary. The notary shall also mention in his act that he has paraphed the obligation. Failure to do so shall render the paraph ineffec *983 tive. The paraph is prima facie evidence that the paraphed obligation is the one described in the act.
The Revision Comments state that this article does not prescribe a particular form for the paraph, “which through long practice in the state is an inscription beginning ‘Ne Varietur.’ ” According to these comments, any reference on the instrument, signed by the notary, and evidencing that it is to be identified with a particular act of a certain date of the notary will suffice.
The present Act of Subordination meets the above requirements. Further, La. R.S. 9:5555 and 9:5556 provide for proof in executory proceedings of obligations not paraphed for identification with the mortgage, and for the manner of dealing with the mortgagee of record in such cases. C.C. art. 3325 permits the |Rparaph in those cases where the parties desire to continue prior practice.[5] The failure of the notary to mention the paraph in his instrument renders the paraph ineffective and therefore makes La. R.S. 9:5555 and 9:5556 applicable even if the note or instrument itself erroneously is paraphed.[6]
La. R.S. 9:5555 holds:
A.In accordance with Code of Civil Procedure Article 2636(8), there is no requirement that a note or other written obligation secured by a mortgage be paraphed for identification with the mortgage in order for the mortgagee to have the right to foreclose under the mortgage utilizing Louisiana executory process procedures. For purposes of executory process, the existence, amount, terms, and maturity of the note or other written obligation not evidenced by an instrument paraphed for identification with the act of mortgage or privilege may be proved by affidavit or verified petition.
B. The affidavit or verified petition may be based upon personal knowledge or upon information and belief derived from the records kept in the ordinary course of business of the mortgagee, the creditor whose claim is secured by the privilege, or any other person. The affidavit or verified petition need not particularize or specifically identify the records or date upon which such knowledge, information or belief is based.
C. The affidavit shall be deemed to provide authentic evidence of the existence, amount, terms, and maturity of the obligation for executory process purposes.
Thus, although a paraph may be ineffective, the act may not be, and the obligation may be proven as detailed above. Here, the trial court correctly found the subordination was valid as Envirowall clearly intended to subordinate its mortgage to that ofUCFC.
For the foregoing reasons, the judgment is affirmed. Costs of this appeal are taxed to Envirowall.

AFFIRMED.

. T.D. Bickham Corp. v. Hebert, 432 So.2d 228, (La.1983).

. Id.

. See Richey v. Venture Oil & Gas Corp., 346 So.2d 875 (La.App. 4th Cir.1977), writ denied, 350 So.2d 891 (La.1977)

.See Calcasieu Marine Nat. Bank of Lake Charles v. Scarlett Investments, 556 So.2d 911, (La.App. 3 Cir.1990), writ denied, 559 So.2d 1366 (La.1990).

. See Revision Comments to C.C. art. 3325.

. Id.